IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCINE SADEK<br>717 Mill Street<br>Moorestown, NJ 08057<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INNOVA BURLINGTON CHURCH OPERATIONS, LLC d/b/a THE MT. LAUREL CENTER FOR REHABILIATION AND HEALTHCARE.<br>3718 Church Road<br>Mt. Laurel, NJ 08054<br><br>　　　　　Defendant. | CIVIL ACTION NO. _____<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

## **COMPLAINT – CIVIL ACTION**

Plaintiff, Francine Sadek ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Innova Burlington Church Operations, LLC ("Defendant"), alleges as follows:

### **INTRODUCTION**

1.　Plaintiff brings this Complaint contending that Defendant has violated her rights pursuant to the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq. and the New Jersey Law Against Discrimination ("LAD") N.J.S.A. § 10:5-12, by terminating her employment on account of her age, sixty-six (66), at the time of her termination.

### **PARTIES**

2.　Plaintiff Francine Sadek is a citizen of the United States and New Jersey, and currently maintains a residence at 717 Mill Street, Moorestown, NJ 08057.

3. Upon information and belief, Defendant Innova Burlington Church Operations, LLC, is a corporation organized and existing under the laws of the State of New Jersey with a principle place of business located at 3718 Church Road, Mt. Laurel, NJ 08054. Upon further information and belief, Defendant, at all times relevant hereto, operated its business as "The Mount Laurel Center for Rehabilitation and Healthcare."

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. The Court has jurisdiction over this matter pursuant to the ADEA.

6. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. On or about January 31, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding the claims set forth herein.

8. Plaintiff's EEOC Charge was docketed as Charge Number 530-2017-01356.

9. By correspondence dated September 29, 2017, Plaintiff received a Dismissal and Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had 90 days to file suit.

10. On or about December 18, 2017 Plaintiff initiated the instant action.

11. Plaintiff has therefore complied with all conditions precedent to maintaining this action against Defendant.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the ADEA claims.

2

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTUAL BACKGROUND

14. Plaintiff was hired by Defendant in or around October of 2014 as a social worker.

15. After a brief period of separation from employment in September 2015, Defendant rehired Plaintiff into the position of Director of Social Services.

16. At the time of her termination, Plaintiff was sixty-six (66) years old.

17. Throughout her employment with Defendant, Plaintiff performed her job well, receiving no discipline and regular praise for her work.

18. In or around January of 2015, Defendant hired a new Administrator named Michael Neiman ("Mr. Neiman").

19. During Plaintiff's time working with Mr. Neiman, Plaintiff noticed that he exhibited a pattern of terminating or otherwise disfavoring older employees and replacing them with younger employees.

20. By way of example, in or around January of 2016, Mr. Neiman terminated an Activity Director named Maria Gomel ("Ms. Gomel"), who, upon information and belief is forty-five (45). At the time of her termination, Ms. Gomel had committed over 10 years of quality performance and service to Defendant.

21. Mr. Neiman replaced Ms. Gomel with Hailey Nardi ("Ms. Nardi"), who upon information and belief, is in her early twenties (20s) and who had no meaningful experience that would have qualified her to undertake the job duties of an Activities Director.

22. Ms. Nardi exhibited a pattern of poor performance from the outset of her time as Activity Director. In this regard, Ms. Nardi regularly required extensive amounts of outside assistance and supervision with state audits because she did not understand how to properly handle them.

23. Indeed, Plaintiff was made aware of several complaints from Defendant's residents indicating that, as a result of Ms. Nardi's lack of experience, they often felt they had nothing to do. However, Mr. Neiman refused to discipline or otherwise counsel Ms. Nardi with respect to these obvious deficiencies.

24. In addition, Mr. Neiman regularly attempted to subvert Plaintiff's authority by rejecting her recommendations related to the firing and/or disciplining of younger employees.

25. By way of example, on one occasion, Plaintiff made the decision to terminate a Certified Nursing Assistant ("CNA") named Shanti (last name unknown) ("Shanti LNU") after she refused to perform certain job duties and became visibly aggressive upon being counseled.

26. However, weeks after Plaintiff made the decision to terminate Shanti LNU, Plaintiff learned that Mr. Neiman had rehired her. Upon information and belief, Shanti LNU is in her late twenties (20s).

27. Subsequently, on or about June 16, 2016, Mr. Neiman approached Plaintiff and informed her that Defendant had hired a new Director of Social Services.

28. When Plaintiff asked Mr. Neiman about this individual's qualifications for the position, Mr. Neiman stated "she has eight (8) to ten (10) years of experience, but she is younger than you!"

29. Mr. Neiman then informed Plaintiff that as a result of the new hire, she would be moved to a new department, and that one of the social workers with whom she had been working, Tammy Bell ("Ms. Bell") would be let go.

30. Upon information and belief, Ms. Bell is in her mid-to-late forties (40s).

31. Mr. Neiman then instructed Plaintiff to inform Ms. Bell that her employment with Defendant had been terminated. Plaintiff held a meeting with Ms. Bell that same day to inform Ms. Bell accordingly. However, immediately after this meeting, Mr. Neiman called Plaintiff into his office and informed her that instead of terminating Ms. Bell's employment, Defendant had decided to terminate her.

32. Plaintiff questioned why Defendant would want to fire her given her lack of disciplinary history and stellar work performance, but Mr. Neiman merely provided a vague justification alluding to "issues with the social work department."

33. At no point prior to Plaintiff's termination had she been notified that there were any "issues" in her department that needed to be addressed.

34. Shortly following her termination, Plaintiff was informed that she been replaced by a woman named Sweeney (last name unknown) ("Sweeney LNU"), who Mr. Neiman had hired approximately one (1) month prior. Upon information and belief, Sweeney LNU is approximately twenty-seven (27) years old.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, *et seq.*
## AGE DISCRIMINATION

35. Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

36. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally subjected Plaintiff to discriminatory and disparate treatment on the basis of her age at the time of her termination, sixty-six (66) years old.

37. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

38. Because of Defendant's unlawful acts, Plaintiff has suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable un the circumstances.

## COUNT II
## NEW JERSEY LAW AGAINST DISCRIMINATION
## N.J.S.A. § 10:5-12.
## AGE DISCRIMINATION

39. Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40. Defendant violated the LAD in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, sixty-six (66).

41. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Compensatory and punitive damages in an amount to be determined at trial.

D. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable un the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: December 18, 2017

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.